<u>**NOT FOR PUBLICATION**</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENWORTH LAURIER, | |
| Plaintiff, | |
| v. | Civ. Action No.: 3:15-cv-6043-BRM-TJB |
| STEPHEN D'ILIO, GEORGE O. ROBINSON, SCO N. WRIGHT, SCO T. WILSON, and SGT R. DELAROSA | **OPINION** |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is an unopposed Motion to Vacate Default and for an Extension of Time to File a Responsive Pleading (ECF No. 21) filed by Defendants Stephen D'Ilio ("D'Ilio"), George O. Robinson ("Robinson"), SCO T. Wilson ("Wilson"), and Sgt. R. DelaRosa ("DelaRosa") (collectively, "Defendants").[1] For the reasons set forth below, Defendants' Motion to Vacate Default and for an Extension of Time to File a Responsive Pleading is **GRANTED**.

**I. BACKGROUND**

On August 6, 2015, Plaintiff Kenworth Laurier ("Plaintiff"), an inmate at East Jersey State Prison, filed a complaint alleging Defendants violated his Eighth Amendment Rights when they failed to protect him from being assaulted by another inmate. (Compl. (ECF No. 1).) D'Ilio, DelaRosa, and Wilson were served on May 9, 2016. (Respective Summonses Returned Executed (ECF Nos. 10, 11, 12).) Robinson was served on May 17, 2016. (Summons Returned Executed

---

[1] Also pending before this Court, but to be decided at a later date, is Plaintiff's unopposed Motion for Default Judgment as to Defendant SCO N. Wright.

(ECF No. 15).) On August 22, 2016, the Clerk entered default as to Defendants for failure to plead or otherwise defend. (ECF No. 19.)

## II. LEGAL STANDARD

The Clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. Pro. 55(b)(2).

To set aside an entry of default, Federal Rule of Civil Procedure 55 permits "[t]he court [to] set aside an entry of default for good cause" at its discretion. Fed. R. Civ. P. 55(c); *see Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). Entry of defaults are not favored and doubtful cases are to be resolved in favor of the party moving to set aside the default so that cases may be decided on the merits. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). To determine whether good cause exists to vacate the entry of default, the Court looks at the following factors: (1) prejudice to the plaintiff; (2) whether the default was entered due to the culpable conduct of the defaulting party; (3) availability of a meritorious defense; and (4) the effectiveness of alternative sanctions.[2] *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987) (citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

## III. DECISION

Defendants contend good cause exists to vacate the entry of default because the delay was caused by the review processes the Department of Corrections ("DOC") and the Office of the Attorney General ("OAG") required them to undertake after being served with a complaint. (Cert.

---

[2] This last factor is not always considered by the Third Circuit. *See, e.g.*, *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

of Marvin L. Freeman (ECF No. 21-2) at ¶ 14.) Specifically, counsel for the Defendants certified the Defendants, as state employees of the DOC, were each required to forward their summons and complaint to the legal liaison officer at the prison facility. (*Id.* at ¶ 11.) From there, the documents must be forwarded to the DOC followed by the OAG and are reviewed at each step of the process. (*Id.* at ¶¶ 11-12.) Additionally, each Defendant must submit a request for representation to which the OAG must respond. (*Id.* at ¶ 13.) Defendants further contend Plaintiff will not be prejudiced if default is vacated because the initial responsive pleading to be filed was only a few weeks overdue at the time the motion was filed. (Defs.' Letter Br. (ECF No. 21-1) at 4.)

The Court agrees and will vacate the entry of default. Plaintiff has not opposed this motion and therefore has not indicated, nor does this Court conclude, he will be prejudiced by Defendants' delay. "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding." *Feliciano*, 691 F.2d 653, 656–57 (3d Cir. 1982) Further, the Court finds the delay was not caused by the culpable conduct of Defendants but rather by the DOC and OAG's administrative and attorney review processes. This is not "culpable conduct" for the purpose of this motion. *See Barnett*, No. Civ. A. 10-3872 ES, 2011 WL 6130409, at *2. Though Defendants do not specifically set forth facts in their motion demonstrating the validity of any meritorious defense, *see $55,518.05 in U.S. Currency*, 728 F.2d 192 at 195, they do move for an extension to answer or otherwise respond. An alternative sanction, such as denial of the motion without prejudice, would only further delay the proceeding. When viewed in light of the other factors, *Emcasco Ins. Co.*, 834 F.2d at 73, and because the motion is unopposed, the Court finds it appropriate to vacate the entry of default.

## IV. CONCLUSION

Defendants' Motion to Vacate the Entry of Default and for an Extension of Time to File a Responsive Pleading (ECF No. 21) is **GRANTED**. An appropriate Order will follow.

Date: March 20, 2017

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE