NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
KENWORTH LAURIER, :
:
        Plaintiff, :
: Civ. Action No.: 3:15-cv-6043-BRM-TJB
    v. :
:
STEPHEN D'ILIO, GEORGE O. ROBINSON, : **OPINION**
SCO N. WRIGHT, SCO T. WILSON, and :
SGT R. DELAROSA :
:
        Defendants. :
_____:

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are (1) *pro se* Plaintiff Kenworth Laurier's ("Plaintiff") Motion for Default Judgment as to SCO N. Wright ("Wright") (ECF No. 23) and (2) Wright's Motion to Vacate Default and for an Extension of Time to File a Responsive Pleading (ECF No. 28). Neither motion was directly opposed, but Wright's Motion to Vacate inherently opposes Plaintiff's Motion for Default Judgment; Wright's Motion remains unopposed. Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Wright's Motion to Vacate Default and for an Extension of Time to File a Responsive Pleading is **GRANTED** and Plaintiff's Motion for Default Judgment is **DENIED AS MOOT**.

**I. BACKGROUND**

On August 25, 2015, Plaintiff, an inmate at East Jersey State Prison, filed a complaint alleging Defendants violated his Eighth Amendment Rights when they failed to protect him from being assaulted by another inmate. (Compl. (ECF No. 1).) According to the executed summons,

Wright was served on June 2, 2016. (Summonses Returned Executed (ECF No. 16).) On August 11, 2016, Plaintiff requested—and the Clerk entered—default as to Wright for failure to plead or otherwise defend. (ECF No. 19.) On December 12, 2016, Plaintiff filed this Motion for Default Judgment, and on March 22, 2017, the Office of the Attorney General ("OAG") filed a Notice of Appearance on Wright's behalf, as well as this Motion to Vacate the Entry of Default. (ECF Nos. 27-28.)

Relatedly, on March 20, 2017, this Court granted a similar motion by the OAG to vacate the entry of default involving Defendants Stephen D'Ilio, George O. Robinson, SCO T. Wilson, and Sgt. R. DelaRosa. (ECF Nos. 25-26.) Wright was unrepresented at the time.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 55 permits "[t]he court [to] set aside an entry of default for good cause" at its discretion. Fed. R. Civ. P. 55(c); *see Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). Entries of default are not favored, and doubtful cases are to be resolved in favor of the party moving to set aside the default so that cases may be decided on the merits. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). To determine whether good cause exists to vacate the entry of default, the Court looks at the following factors: (1) prejudice to the plaintiff; (2) whether the default was entered due to the culpable conduct of the defaulting party; (3) availability of a meritorious defense; and (4) the effectiveness of alternative sanctions.[1] *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987) (citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

---

[1] This last factor is not always considered by the Third Circuit. *See, e.g.*, *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

**III. DECISION**

Wright contends good cause exists to vacate the entry of default because "he was on extended medical leave and still has not returned to work as of [the filing of Wright's Motion]." (Decl. of Counsel (ECF No. 28-1) ¶ 6.) Additionally, Wright contends the summons and complaint were not properly processed through the appropriate union or prison personnel, thereby causing a delay. (*Id.* ¶¶ 6-7.)

The Court finds good causes exists to vacate the entry of default. Plaintiff has not opposed this motion and therefore has not indicated, nor does this Court conclude, he will be prejudiced by Wright's delay. "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding." *Feliciano*, 691 F.2d 653, 656–57 (3d Cir. 1982) Further, the Court finds the delay was not caused by the culpable conduct of Wright. The summons and complaints of the other defendants, *albeit* also delayed, proceeded through the appropriate channels before Wright's summon and complaint was properly reviewed. This delay is not "culpable conduct" for the purpose of this motion. *See Barnett*, No. Civ. A. 10-3872 ES, 2011 WL 6130409, at *2. Though Wright does not specifically set forth facts in his motion demonstrating the validity of any meritorious defense, *see $55,518.05 in U.S. Currency*, 728 F.2d 192 at 195, he does move for an extension to answer or otherwise respond. An alternative sanction, such as denial of the motion without prejudice, would only further delay the proceeding. When viewed in light of the other factors, *Emcasco Ins. Co.*, 834 F.2d at 73, and because the motion is unopposed, the Court finds it appropriate to vacate the entry of default.

**IV. CONCLUSION**

Wright's Motion to Vacate the Entry of Default and for an Extension of Time to File a

Responsive Pleading (ECF No. 28) is **GRANTED** and Plaintiff's Motion for Default Judgment (ECF No. 23) is **DENIED AS MOOT**. An appropriate Order will follow.

Date: July 31, 2017

>  */s/ Brian R. Martinotti*
>  **HON. BRIAN R. MARTINOTTI**
>  **UNITED STATES DISTRICT JUDGE**